Case 1:21-cv-09646-GHW   Document 7   Filed 12/08/21   Page 1 of 5

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOREEN GUEVARA,

                Plaintiff,

-against-

NYC HUMAN RESOURCES
ADMINISTRATION, et al.,

                Defendants.

21-CV-9646 (GHW)

ORDER OF SERVICE

GREGORY H. WOODS, United States District Judge:

      Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated against her based on her disability and age. By order dated December 7, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     New York City Human Resources Administration**

Plaintiff's claims against the New York City Human Resources Administration (HRA) are dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

However, in light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the HRA with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date

summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York, Steven Banks, Samuel Salnauve, Rita Campbell, and Olivia Holly through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the HRA. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issues summonses as to the City of New York, Banks, Salnauve, Campbell, and Holly, complete the USM-285 forms with the addresses for

these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: December 8, 2021
       New York, New York

                                              GREGORY H. WOODS
                                          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

    City of New York
    New York City Law Department
    100 Church Street
    New York, NY 10007

1. Commissioner Steven Banks
   New York City Human Resources Administration
   150 Greenwich Street, 38th Floor
   New York, NY 10007

2. Deputy HRA Commissioner Samuel Salnauve
   New York City Human Resources Administration
   375 Pearl St., 25th Floor
   New York, NY 10038

3. Deputy Director Rita Campbell
   New York City Human Resources Administration
   375 Pearl St., 25th Floor
   New York, NY 10038

4. Director Olivia Holly
   HRA Amsterdam Center #24
   400 8th Avenue
   New York, NY 10001