```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/27/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  DOREEN GUEVARA,                                             :
                                                              :
                                                              :
                                          Plaintiff,          :
                                                              :           1:21-cv-9646-GHW
                                                              :
                           -against-                          :
                                                              :        ORDER DENYING REQUEST FOR
  CITY OF N.Y. HUMAN RESOURCES                                :              PRO BONO COUNSEL
  ADMINISTRATION, DEPARTMENT OF                               :
  SOCIAL SERVICES; STEVEN BANKS;                              :
  OLIVIA HOLLY; SAMUEL SALNAUVE; and                          :
  RITA CAMPBELL,                                              :
                                                              :
                                          Defendants.         :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      Plaintiff has filed an Application for the Court to Request Counsel. For the following reasons, Plaintiff's application is denied without prejudice.

## LEGAL STANDARD

      The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.* Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted. *See* Dkt. No. 3. When Plaintiff filed her Application for the Court to Request Counsel, Plaintiff affirmed that her financial status had not changed. *See* Dkt. No. 1. Plaintiff therefore qualifies as indigent.

In the complaint, Plaintiff asserts a claim under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 to

12213, and New York State and City Human Rights Law alleging that she was denied a reasonable accommodation after she underwent heart surgery and was discriminated against because of her age. The Court cannot determine at this point whether Plaintiff's claim is "likely to be of substance." *Hodge*, 802 F.2d 61-62. Moreover, because the Court has not yet been afforded the chance to evaluate the merits of Plaintiff's claims, the Court is unable to conclude that the other *Hodge* factors weigh in favor of granting her application.

## CONCLUSION

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is denied without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is instructed to terminate the motion at Dkt. No. 12.

SO ORDERED.

Dated: January 27, 2022
New York, New York

_____
GREGORY H. WOODS
United States District Judge